920 P.2d 905

**Jerry BANKS, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 22553.

Supreme Court of Idaho,
Boise, May 1996 Term.

June 27, 1996.

Jerry Banks, pro se appellant.

Alan G. Lance, Attorney General; Timothy R. McNeese, Stephanie A. Altig, Deputy Attorney Generals, Boise, for respondent.

McDEVITT, Chief Justice.

Appellant, Jerry Banks (Banks), filed an application for writ of *habeas corpus* with the magistrate division of the district court, claiming that his due process rights were violated by the Idaho Commission of Pardons and Parole (Commission). Banks claims that the Commission had no justification for continuing Banks's incarceration and that Banks's due process rights were violated.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Banks is an inmate at the Idaho Correctional Institute in Orofino, Idaho. On September 7, 1990, Banks entered an *Alford* guilty plea and was sentenced to an aggregate term of twelve years to be served for a minimum period of confinement of five years, followed by a subsequent indeterminate period of custody not to exceed seven years, with the two terms running concurrently. Banks was sentenced for two counts of lewd and lascivious conduct with a minor.

On February 22, 1995, Banks appeared before the Commission requesting a date of release following his fixed sentence which expired March 3, 1995. Banks alleges that the Commission sentenced Banks to serve an additional five years prior to becoming eligible for parole.

Prior to the February 22, 1995 Commission hearing, Banks allegedly requested copies of files and reports submitted to the Commission to be utilized in the Commission's analysis and decision. This request was denied. As a result of the Commission's denial of Banks's request for the reports and files, Banks contends that:

> During the parole hearing, board members asked questions I was unprepared to respond to and the parole board made allegations I was unable to defend because I was denied access to said reports and files. Also, during said hearing, I was ridiculed and questioned in regards to unconfirmed allegations and charges of criminal behavior which had not been confirmed, admitted to or proven in a court of law. These allegations were utilized by the parole board in rendering the decision to sentence me to serve an additional Five (5) years incarceration prior to being eligible for parole.

On March 20, 1995, Banks filed a petition for a writ of *habeas corpus* with the magistrate division of the district court. Banks's petition alleged that "in view of the many programs completed by [Banks] and the many hours of counseling [Banks] attended, the parole board [was] in violation of the wording and intent of the Unified Sentencing Act effective February 1, 1987 regarding indeterminate sentencing."

Banks's petition requested the magistrate set aside the remaining indeterminate portion of Banks's sentence, and place Banks on probation for that period of time in accordance with the recommendations of the institutional psychologist at the Idaho Correctional Institute in Orofino, Idaho.

On March 20, 1995, Banks submitted an affidavit in support of his petition for *habeas corpus*. Banks stated that he had attended numerous classes [1], had not been a security problem (noting that he had only two minor infractions in over five years), and that he was a "low risk," if he was released with conditions requiring therapy attendance and provisions.

On March 20, 1995, Banks filed a motion for appointment of counsel. Banks informed the magistrate in an affidavit that he was indigent, unable to competently research the issues raised in this case, unable to conduct the necessary discovery in this case, unable to adequately present to the magistrate the credibility determinations (inmate testimony versus prison official testimony), and that the appointment of counsel was necessary so that Banks's witnesses could be confidentially interviewed and deposed. The magistrate denied Banks's motion for appointment of counsel.

On April 3, 1995, Banks filed a motion to amend his petition. The only new substantive allegation Banks made was that the Commission failed to give Banks a written statement of the reason(s) for refusing to release Banks on parole.

On April 7, 1995, an Affidavit of Carolee Kelly, an employee of the Idaho Department of Corrections, was filed. Kelly stated that the minimum portion of Banks's sentence was satisfied on March 3, 1995, at which time Banks became eligible for parole. Kelly noted that the amount of time to be served on

---

1. Banks attached to his March 20, 1995 affidavit, numerous certificates of completion and evalua-
tions, indicating that Banks regularly attended classes and excelled at being a student.

the indeterminate portion of the sentence was to be determined by the Commission.

On April 7, 1995, the State filed a response, motion to dismiss, and a motion for summary judgment, each in the alternative. On April 14, 1995, the State filed an objection to Banks's motion to amend his complaint.

On May 1, 1995, the magistrate issued an order dismissing Banks's allegation that he was entitled to a written statement of the reasons the Commission denied him parole, Banks's allegation that he was improperly denied access to reports and files, and Banks's allegation that he was entitled to due process protection in relation to his parole hearing. The magistrate found that the remaining allegations in Banks's petition did not state grounds to grant *habeas corpus* relief. The magistrate provided Banks the opportunity to file a factual statement indicating the Commission did not have a rational basis for denying Banks parole.

Banks subsequently filed a motion amending and further defining his petition. Banks contended that "because he did everything expected of him in counseling and self-change, he [had] a reasonable expectation of parole this creating a 'liberty interest' for [Banks]."

The magistrate dismissed Banks's petition for a writ of *habeas corpus*. The magistrate found that Banks's own statement in his petition indicated the Commission had a rational basis for denying Banks parole:

> The Petitioner states in his Objection/Response that the Parole Board stated in its oral notice of cause for denial that denial was based on the severity of the Petitioner's crime and numerous, unconfirmed allegations. Taking Petitioner's own statement, the Parole Board would appear to have stated a rational basis in its statement of reasons.

The magistrate found that Banks's petition did not state grounds upon which *habeas corpus* relief could be granted and awarded the State attorney fees, based upon the magistrate's finding that Banks had pursued his petition frivolously.

Banks appealed the magistrate's order to the district court. The district court af-firmed the magistrate's denial of Banks's petition for *habeas corpus* and affirmed the magistrate's award of attorney fees to the State. Banks appealed to this Court.

## II.

### STANDARD OF REVIEW

■ This Court has appellate jurisdiction over Banks's petition for *habeas corpus,* which was originally brought in the district court. Idaho Const. art. V, § 9 ("The Supreme Court shall have jurisdiction to review, upon appeal any decision of the district courts...."); *In re Jennings,* 46 Idaho 142, 146, 267 P. 227, 228 (1928) ("We conclude that this court has appellate jurisdiction in *habeas corpus* proceedings brought originally in the district court.").

■ In *Ybarra v. Dermitt,* 104 Idaho 150, 657 P.2d 14 (1983), the Court announced the standard of review for decisions of the Commission. *Ybarra,* 104 Idaho at 151, 657 P.2d at 15. The *Ybarra* Court held that the Commission "has broad discretion and in reviewing a [Commission] decision a court may not substitute its judgment for that of the [Commission]." *Id.* Review of Commission decisions consists of whether the information relied upon by the Commission was sufficient to provide a factual basis for the reasons given, or in other words, whether there was a rational basis in the record for the Commission's conclusions embodied in its statement of reasons. *Id.*

Section 20–223(c) of the Idaho Code provides that

> [b]efore considering the parole of any prisoner, the commission shall afford the prisoner the opportunity to be interviewed. A parole *shall be ordered only for the best interests of society when the commission reasonably believes that the prisoner no longer poses a threat to the safety of society, not as a reward of clemency* and it shall not be considered to be a reduction of sentence or a pardon.

I.C. § 20–223(c) (emphasis added). The Commission exercises substantial judgment in determining whether parole is appropriate for a prisoner. I.C. § 20–223(c).

### III.

### THERE WAS A RATIONAL BASIS FOR THE COMMISSION'S DECISION DENYING BANKS PAROLE

Banks argues that the magistrate erred in dismissing his petition for *habeas corpus.*

I.C. § 19–2513 provides that "[t]he offender *may* be considered for parole or discharge at any time during the indeterminate period of the sentence...." I.C. § 19–2513 (emphasis added). The plain meaning of "may" in this context indicates that parole is not an automatic right or liberty interest.

Banks provided the magistrate with the Commission's oral notice of cause for denial. Banks stated in his Affidavit in Support of Petition, dated March 20, 1995, that he was

> questioned in regards to unconfirmed allegations and charges of criminal behavior which had not been confirmed, admitted to or proven in a court of law. These allegations were utilized by the parole board in rendering the decision to sentence [Banks] to serve an additional Five (5) years incarceration prior to being eligible for parole.

In Banks's Motion to Amend Petition, filed April 3, 1995, Banks alleged that the

> Parole Board based its decision to deny parole to the petitioner solely on the alleged severity of [Banks's] crime and on crimes for which petitioner had been acquitted and where there was no "reliable information" of guilt presented which had not been introduced at trial.

In Banks's Motion to Amend and Further Define Petition, filed May 24, 1995, Banks stated that

> [t]he parole board also considered reports and allegations made by Darcell Stammer, counselor, in denying parole to petitioner. During interviews with Darcell Stammer, petitioner responded to questions put to him being totally unaware that what petitioner said would be used against him in the parole proceedings. At no time did Stammer inform petitioner that what [Banks] said would be used against him in that proceeding thus violating petitioner's right against self incrimination.

Banks's own statements indicate there was a rational basis for the Commission's decision to deny parole. The magistrate's dismissal of Banks's petition is affirmed.

### IV.

### THE MAGISTRATE DID NOT ABUSE ITS DISCRETION IN DENYING BANKS'S REQUEST FOR COURT–APPOINTED COUNSEL

Section 19–4904 of the Idaho Code states:

> If the applicant is unable to pay court costs and expenses of representation ... these costs and expenses, and a court-appointed attorney *may* be made available to the applicant in the preparation of the application, in the trial court, and on appeal, and paid, on order of the district court, by the county in which the application is filed.

I.C. § 19–4904 (Supp.1995) (emphasis added).

Banks interprets the language "may" in I.C. § 19–4904, as inferring that counsel may be appointed if the trial judge determines that the issues are complex and the petitioner may be unable to articulate his claims. Banks argues that it was "obvious" to a reasonable person that Banks was unable to articulate his claims and thus Banks was entitled to court-appointed counsel.

Under the Uniform Post–Conviction Procedure Act, I.C. § 19–4904, a court *may* order that an indigent petitioner have a court-appointed attorney. In 1993, the legislature amended I.C. § 19–4904 to provide that a court *may*, rather than *shall*, order that an indigent petitioner have a court-appointed attorney. 1993 Idaho Sess. Laws, S.B. 1116, ch. 265, § 2, p. 898; *see also Follinus v. State,* 127 Idaho 897, 902–03, 908 P.2d 590, 595–96 (Ct.App.1995) ("As amended, Idaho Code Section 19–4904 no longer mandates appointment of counsel.").

The magistrate exercised discretion in denying Banks's request for court-appointed counsel. There is no evidence indicating the magistrate abused its discretion in denying Banks's request for court-appointed counsel. We affirm the magistrate's denial of Banks's request for court-appointed counsel.

**890**

## V.

### THE STATE IS ENTITLED TO AN AWARD OF ATTORNEY FEES PURSUANT TO I.C. § 12–122

Banks argues that I.C. § 12–122 is unconstitutional since it singles out a particular class of people, in violation of the Fourteenth Amendment of the United States Constitution and article I, § 13 of the Idaho Constitution.

Although Banks raised the issue of the constitutionality of I.C. § 12–122 on appeal, he has failed to provide the Court with argument or authority in support of this issue. This Court has held that it will not address issues on appeal which are completely without support, argument, or authority. *City of Sun Valley v. Sun Valley Co.*, 128 Idaho 219, 223, 912 P.2d 106, 110 (1996). We affirm the magistrate's award of attorney fees to the State pursuant to I.C. § 12–122.

## VI.

### CONCLUSION

We affirm the decision of the magistrate. Costs to the State.

JOHNSON, TROUT, SILAK and SCHROEDER, JJ., concur.