978 P.2d 241

**Joe Lynn COWGER, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 24835.

Court of Appeals of Idaho.

April 19, 1999.

W. Brent Eames, Rexburg, for appellant.

Hon. Alan G. Lance, Attorney General; Alison A. Stieglitz, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Joe Lynn Cowger appeals from the district court's order summarily dismissing his application for post-conviction relief. Cowger contends that the district court erred when it denied his request for court-appointed counsel and then denied his application without a hearing. For the reasons stated below, we affirm.

## I.

## INTRODUCTION

Cowger entered a conditional plea of guilty to burglary and admitted to being a persistent violator. The district court sentenced Cowger to a unified twenty-year term, with eight years fixed. Cowger appealed to this Court, claiming that evidence from the burglary should have been suppressed. We affirmed Cowger's judgment of conviction and the order denying his motion to suppress in an unpublished opinion. *State v. Cowger*, 131 Idaho 134, 953 P.2d 218 (Ct.App.1997).

Cowger filed a pro se application for post-conviction relief by filling out a preprinted form. Cowger's application cited the following ineffective assistance of counsel claim as his only ground for post-conviction relief:

10. State concisely all the grounds ... on which you base your application for Post Conviction Relief:

a. My personal circumstances have changed, that, had my attorney filed a Rule 35 within the time deadlines, would have been used in that motion as grounds for a sentence reduction. Those grounds include:

(1) My mother was murdered on 9–15–95. I not only had to deal with the estate matters and grieve, but I was heavily involved with the detectives investigating the murder (to help them identify and arrest the murderer) and then with providing detailed information to the prosecutor preparing and conducting the prosecution. The murder has deeply effected me and my family emotionally. The prosecutor has written a letter about my help to him (letter attached).

(2) I have been incarcerated with the Idaho Dept [sic] of Corrections since 6–19–97 at a medium-security level, which has caused me to be separated from family and community. That separation has caused me to realize the concequences [sic] of my actions.

(3) Since 9–25–97 the IDOC has housed me at the Prairie Correctional Facility in Appleton, MN (a contract facility) further separating me from family visits and contact with my children.

(4) Encouraged by Dr. Irvin E. Sackman, I plan to pursue a course of training for certification as an Emergency Room Technician, RN, expecting to become employed in a Boise-area hospital after certification.

As to his request for relief, Cowger stated: "13. State specifically the relief sought: Probation, house arrest and/or monitoring, or a lesser sentence. I also wish to have a new attorney appointed to review the case." Cowger also filed a separate motion requesting court-appointed counsel for his post-conviction case.

The district court ruled that, considering Cowger's prior record and the circumstances Cowger claimed mitigated punishment, the district court would not have reduced the sentence even if a Rule 35 motion had been filed. Therefore, the district court found that Cowger's application was frivolous, denied his request for court-appointed counsel, and gave notice of its intent to summarily dismiss the application.

Cowger filed a response to the district court's notice of intent to dismiss, stating:

Mr. Cowger,s [sic] Atterney [sic] advised him to plead guilty to the charges and that his Attorney told Mr. Cowger to plead guilty that we would win this without any doubt in the Supreme Court under the Illegal search and siezure [sic] laws, in error and is at this time in the process of providing the plaintiff with the statements corraberating [sic] the fact at the advice and representation affoeded [sic] Mr. Cowger in this case was somely [sic] lacking and that in no way met the requirements needed to defend these serious charges.

The plaintiff will forward this new informantion [sic] as soon as it is available to him. This new evidence along with the previous submissions should provide enough evidentimty [sic] weight to allow the requests the argument that a rule 35 would have provided no relief is moot, *since no one knows what evidence or arguments would have been filed.*

Cowger included an unverified letter from his trial counsel dated May 1, 1998, and addressed to "To Whom It May Concern." Trial counsel stated that, in hindsight, he may have done a "disservice" to Cowger by failing to advise him to request court-appointed counsel in order to seek Supreme Court review of this Court's decision in the direct criminal appeal. Counsel also stated that he told Cowger the district court would consider Cowger's guilty plea as a sign of remorse and would mitigate his sentence accordingly. Counsel wrote in his letter: "I believe I may have unduly influenced Mr. Cowger's decision to enter the plea of guilty [by telling him the district court would show leniency]."

The district court entered an order summarily dismissing Cowger's application for post-conviction relief. Cowger appealed.

## II.

## DISCUSSION

Cowger lists two issues in his appellate brief, whether the district court erred in dismissing Cowger's application for post-conviction relief without a hearing and whether the district court erred in denying appointment of counsel.

### A. Denial of Motion for Court–Appointed Counsel

 Cowger claims that the district court erred when it denied his motion for the appointment of counsel in his post-conviction case. Under the Uniform Post–Conviction Procedure Act a court *may* order that an indigent petitioner have a court-appointed attorney. I.C. § 19–4904. This is, however, a discretionary decision for the district court. *Banks v. State,* 128 Idaho 886, 889, 920 P.2d 905, 908 (1996). When a trial court's discre-

tionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Idaho Code Sections 19–4904 and –852 govern requests for appointed counsel in post-conviction proceedings. A needy person detained under a conviction is entitled to have counsel appointed "unless the court in which the proceeding is brought determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding." I.C. § 19–852(b)(3).

■ The only issue before the district court at the time it ruled on Cowger's request for counsel was Cowger's claim that his trial counsel should have filed a Rule 35 motion. The district court denied Cowger's request for court-appointed counsel finding that Cowger's single post-conviction claim was "frivolous" and that a "reasonable person with adequate means would not bring this proceeding." Upon review of the record, and considering the single sentencing issue Cowger was raising in his UPCPA, we cannot conclude the district court's determination was clearly erroneous. Therefore, the district court did not abuse its discretion when it denied Cowger's request for court-appointed counsel. *See Banks v. State*, 128 Idaho 886, 889, 920 P.2d 905, 908 (1996); *Follinus v. State*, 127 Idaho 897, 902–03, 908 P.2d 590, 595–96 (Ct.App.1995).

### B. Ineffective Assistance of Counsel

#### 1. Failure to file a Rule 35 motion

■ Cowger argues that the district court erred when it summarily dismissed his claim that trial counsel was ineffective by failing to file a Rule 35 motion requesting a reduction in sentence. Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment un-

der I.R.C.P. 56. Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

■ Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App.1986).

■ On review of a dismissal of a post-conviction relief application without an evi-

dentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the non-moving party. *Ricca v. State,* 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

■ A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State,* 121 Idaho 918, 924–25, 828 P.2d 1323, 1329–30 (Ct.App.1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient, and that the defendant was prejudiced by the deficiency. *Hassett v. State,* 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App.1995); *Russell,* 118 Idaho at 67, 794 P.2d at 656; *Davis v. State,* 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Russell,* 118 Idaho at 67, 794 P.2d at 656. To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon,* 114 Idaho at 761, 760 P.2d at 1177; *Russell,* 118 Idaho at 67, 794 P.2d at 656.

■ When reviewing the denial of a Rule 35 motion our question is whether the trial court abused its discretion. *Hassett,* 127 Idaho at 317–18, 900 P.2d at 225–26. Even when a discretionary decision of a trial judge is shown on appeal to have been tainted with some error, it is not always necessary for the appellate court to remand the matter for a proper exercise of the trial court's discretion. If it is plain from the judge's expressed reasoning that the result would not change upon exercising its discretion anew, then the decision should be upheld to avoid a fruitless remand. *McDonald v. State,* 124 Idaho 103, 107, 856 P.2d 893, 897 (Ct.App.1992). *See also Hassett,* 127 Idaho at 318, 900 P.2d at 226 (upholding district court's summary dismissal of application for

post-conviction relief where district court clearly expressed its inclination not to reduce applicant's sentence). In Cowger's case, the district court gave notice of its intent to summarily dismiss, stating:

> Cowger's claim of ineffective assistance of counsel due to the failure of his counsel to file a Rule 35 motion is frivolous because the grounds for the Rule 35 motion fail to provide a reason upon which this court would have reduced Cowger's sentence. The Court does not doubt that the murder of Cowger's mother was severely upsetting to him. However, this tragic event does not erase the crime committed by Cowger or the reasoning behind the sentence this Court issued. Likewise, the fact that Cowger fully cooperated and helped the police and prosecution in seeing that his mother's murder was resolved is to be commended, but it is also expected that a son would cooperate in helping to resolve the murder of his mother. Furthermore, while it is good that Cowger now has career goals, this does not mean that the reasons for issuing his sentence, such as punishment, deterrence, and rehabilitation, have been fulfilled.

> . . . .

> Additionally, in light of Cowger's prior record and the minimum and maximum sentences for Burglary and being a persistent violator, the sentence given Cowger was far from being severe or unduly harsh. According to the presentence investigation report, Defendant had been convicted of the following felonies: First Degree Burglary in July, 1981; Grand Theft in July 1981; First Degree Burglary in August 25, 1982; Second Degree Burglary in September, 1983; Grand Theft in March, 1984; and Second Degree Burglary in July 1985. Cowger was not a first time criminal. Furthermore, a persistent violator "shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life." I.C. § 19–2514. Burglary is punishable by imprisonment for not less than one year nor more than ten years. I.C. § 18–1403. Cowger received a sentence of eight to twenty

years[,] well short of what this Court could have sentence[d] him to.

. . . .

. . . Cowger's petition for post-conviction relief should be dismissed. As already explained, this Court would not grant Cowger's Rule 35 motion even though the grounds for Cowger's motion are undisputed. Therefore, Cowger was not prejudiced by his counsel's failure to file a Rule 35 motion to reduce.

Cowger then filed his response to the district court's notice of intent to summarily dismiss. The district court summarily dismissed the case, concluding:

Cowger contends that the letter from [trial counsel] provides other reasons for the Court to grant a Rule 35 motion and shows that without a hearing the Court will not be aware of all the grounds that would have supported a Rule 35 motion. The court would not have reduced Cowger's sentence based on [trial counsel's] letter and the alleged advice given Cowger. Furthermore, the filing of the notice of intent to dismiss gave Cowger the opportunity to present additional reasons and verified facts that this Court could consider in determining if it would have granted a Rule 35 motion.

The district court carefully considered Cowger's arguments and concluded that it would not have exercised its discretion by reducing Cowger's sentence had the Rule 35 motion been filed. Thus, Cowger has failed to show that trial counsel's failure to file a Rule 35 motion resulted in prejudice. In accordance with *McDonald* and *Hassett*, and because Cowger has failed to demonstrate prejudice, we cannot conclude that the district court erred when it summarily dismissed Cowger's ineffective assistance of counsel claim on the basis of counsel's failure to file a Rule 35 motion.

**2. Issues not raised in the post-conviction application**

Cowger asserted one issue in his post-conviction application—that trial counsel erred when he failed to file a Rule 35 motion. The district court addressed that issue in its notice of intent to dismiss and gave Cowger twenty days to respond to the proposed dismissal. Cowger filed his response and attached a letter written by his trial counsel. Trial counsel raised contentions in his letter which Cowger now submits as issues for our review on appeal. Cowger, however, never properly raised these contentions before the district court by filing an amended application for post-conviction relief.

In his response to the district court's notice of intent to dismiss, Cowger implies that his trial counsel may have influenced Cowger to plead guilty to the charges by assuring Cowger that on appeal, the appellate court would reverse the district court's decision denying Cowger's motion to suppress evidence. In his appellate brief, Cowger now attempts to frame this issue by arguing that trial counsel unduly influenced Cowger into the guilty plea. Cowger now asserts that he also had another claim. This other claim can only be inferred from reading the letter written by Cowger's trial counsel which was attached to Cowger's response to the district court's notice of intent to summarily dismiss. Cowger construes this letter to assert that trial counsel was ineffective because he failed to file a petition for further review of the criminal appeal or to advise Cowger to retain other counsel to do the same. Again, Cowger did not specifically raise this issue in his application for post-conviction relief and never amended his application to include it.

■■■ An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). The court may summarily dispose of the application when its allegations fail to frame a genuine issue of material fact. I.C. § 19–4906(b); *Griffith v. State,* 121 Idaho 371, 373, 825 P.2d 94, 96 (Ct.App.1992). "Implicit in this standard is the requirement that all necessary allegations be made in the application." *Griffith,* 121 Idaho at 374, 825 P.2d at 97. *See also* I.C. § 19–4903 (The application shall specifically set forth the grounds upon which the application is based.).

■■■ The procedure contemplated by the Uniform Post–Conviction Procedure Act

does not permit new allegations to be raised in response to a notice of intent to dismiss. The applicant, upon discovering additional claims, should amend his or her application and renew his or her motion for court-appointed counsel based upon the new allegations. To allow additional claims to be raised in the response to the district court's notice of intent to dismiss would require that the district court issue a further notice of intent to dismiss as to those claims in order to give the applicant an opportunity to respond to the court's reasons for dismissing the new claims within the time statutorily provided. Conceivably, the post-conviction process could go on indefinitely because the applicant may simply raise a new issue in each response to a notice of intent to dismiss in order to circumvent its dismissal. An applicant's "response" then, would be encouraged to be nonresponsive. Thus, we are constrained to conclude that an applicant must file an amended application when he or she desires to raise additional issues in a post-conviction case. *See* I.C. § 19–4906(b).[1]

In Cowger's case, we conclude these new claims were not properly raised before the district court either in the original application or in an amended application.[2] For the reasons stated, we decline to address them on appeal. *For further guidance*, however, in such a situation, it may be appropriate for the district court to *sua sponte* reconsider its denial of the applicant's motion for court-appointed counsel and, upon appointment, allow counsel to review the matter for the filing of an amended application.

### III.

### CONCLUSION

We hold the district court did not abuse its discretion when it denied Cowger's request for court-appointed counsel. Also, Cowger has not demonstrated that trial counsel's failure to file a Rule 35 motion resulted in prejudice and, thus, the district court did not err when it summarily dismissed this claim. We conclude that the issues not raised in Cowger's application for post-conviction relief should not be reviewed on appeal. Therefore, we affirm the district court's order denying Cowger's request for court-appointed counsel and summarily dismissing Cowger's application for post-conviction relief.

Judge LANSING and Judge SCHWARTZMAN, CONCUR.

---

1. We further note that, in Cowger's case, one could infer from his trial counsel's letter that Cowger would not only wish to change the issues in his post-conviction case, but also the relief to be sought. In Cowger's application for post-conviction relief where he claimed trial counsel was ineffective by failing to file a Rule 35 motion, Cowger requested that his sentence be reduced or that he be placed on probation. However, if the district court or this Court were to be properly presented with his new claims where Cowger implies that trial counsel may have coerced his guilty plea, the appropriate remedy would be to vacate his plea of guilty and judgment of conviction and remand the case for further proceedings.

2. We note that although the district court did, in its final dismissal order, attempt to address the claims which it gleaned from Cowger's response and trial counsel's letter, it was not required to do so.