15 P.3d 820

**Charles COLE, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 26433.

Supreme Court of Idaho,
Boise, September 2000 Term.

Dec. 1, 2000.

Ronaldo A. Coulter, State Appellate Public Defender, Boise, for appellant. Mary K. Patton argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondent. Deputy Attorney General, T. Paul Krueger, II argued.

TROUT, Chief Justice.

Charles Cole ("Cole") appeals from the order of the district court summarily dismissing his petition for post-conviction relief. We affirm the district court's dismissal.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 7, 1997, Cole pled guilty to first-degree arson and was sentenced to a unified ten-year term with one year fixed. Cole did not appeal his conviction and sentence. On May 8, 1998, Cole filed a *pro se* petition for post-conviction relief alleging that he was entitled to relief due to constitutional violations in the parole process. Cole requested that the district court reconsider the sentence imposed and requested the appointment of counsel. Cole also specifically requested "leave to amend the petition if his counsel so suggests." The district judge appointed counsel to assist Cole.

On August 7, 1998, the district judge notified Cole of the court's intention to dismiss his application within twenty days for failing to set forth sufficient facts upon which relief could be granted. Cole did not respond within the twenty days, and instead, filed an amended petition for post-conviction relief on October 2, 1998. The amended petition requested the district court set aside Cole's plea of guilty because he was in a drunken state and suffering a psychotic episode at the time of the arson and therefore was incapable of forming the requisite intent. In his amended petition Cole also asserted he was entitled to post-conviction relief due to ineffective assistance of trial counsel because his counsel was informed of his mental state but advised Cole that this was not a defense to the charge. On December 3, 1998, the district judge dismissed Cole's application for post-conviction relief for failure to reply within twenty days of the court's notice of intent to dismiss.

Cole timely filed a notice of appeal. The appeal was assigned to the Court of Appeals, which reversed the district judge's summary dismissal and remanded to permit the district judge to consider Cole's request for leave to file an amended petition and Cole's amended application for post-conviction relief. The Court of Appeals was persuaded that Cole's initial application requesting leave to file an amended application if his court-appointed counsel deemed it appropriate, along with the amended application, required the district judge to review Cole's post-conviction relief application, including the request to amend and the amended application.

The State of Idaho filed a timely Petition for Review, which this Court granted.

## II.

## STANDARD OF REVIEW

When considering a case on review from the Court of Appeals, this Court gives serious consideration to the views of the Court of Appeals; however, we review the trial court's decision directly. *State v. Benefiel*, 131 Idaho 226, 228, 953 P.2d 976, 978 (1998) (citing *State v. Avelar*, 129 Idaho 700, 702, 931 P.2d 1218, 1220 (1997)).

When reviewing a district judge's dismissal of a post-conviction relief application without an evidentiary hearing, this Court must consider whether a genuine issue of fact exists based upon the pleadings, depositions and admissions together with any affidavits on file; moreover, we liberally construe the facts and reasonable inferences in favor of the non-moving party. *Cowger v. State*, 132 Idaho 681, 685, 978 P.2d 241, 244–45 (Ct.App.1999)(citing *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App. 1993)). The construction and application of a legislative act presents a pure question of law over which this Court exercises free review.

*Ada County Assessor v. Roman Catholic Diocese of Boise,* 123 Idaho 425, 428, 849 P.2d 98, 101 (1993).

## III.

## DISCUSSION

### A. Failure to Comply with the Time Limitations Does Not Create a Jurisdictional Defect.

■ The State argues the district judge lacked jurisdiction to consider Cole's post-conviction application on the basis that it was not filed within the limitation period. The statutory procedure for application for post-conviction relief provides, in relevant part:

An application may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later.

Idaho Code § 19–4902. The district judge entered judgment against Cole for first-degree arson on January 7, 1997 and Cole did not appeal his conviction and sentence. On May 8, 1998, Cole filed his petition for post-conviction relief, which he concedes was untimely. We agree with the Court of Appeals' determination that an applicant's failure to comply with the limitation period does not result in a jurisdictional defect. *Anderson v. State,* 133 Idaho 788, 992 P.2d 783 (Ct.App. 1999). An action for post-conviction relief is civil in nature. *Paradis v. State,* 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986). As such, these actions are generally governed by the Idaho Rules of Civil Procedure and "[u]nder the civil rules, compliance with the governing statute of limitations is not a requirement for subject matter jurisdiction; rather, the time bar of the statute of limitations is an affirmative defense that may be waived if it is not pleaded by the defendant." *Anderson,* 133 Idaho at 791, 992 P.2d at 786. (citing I.R.C.P. 8(c); *Resource Engineering, Inc. v. Siler,* 94 Idaho 935, 500 P.2d 836 (1972)

(citations omitted)). Because the state failed to raise the statute of limitations defense at the district court and this is not a jurisdictional issue which may be raised at any time, the defense has been waived.

### B. Cole Failed to Obtain Leave to Amend his Petition.

■ Idaho Code § 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991). The district judge properly notified Cole of his intention to dismiss Cole's *pro se* application for failing to set forth sufficient facts upon which relief could be granted.[1] Pursuant to Idaho Code § 19–4906(b), Cole had twenty days to reply to the proposed dismissal. Cole made no response within the twenty-day period.

The Uniform Post–Conviction Procedures Act ("UPCPA") offers guidance for amendment of a post-conviction relief application. *See, e.g.,* I.C. § 19–4906. Idaho Code Section 19–4906(b) specifically provides that an applicant shall be given twenty days to respond to a proposed dismissal and in light of a default, the court "may ... grant leave to file an amended application." Therefore, in a case such as Cole's, where a default is pending and no response is made within twenty days of the court's notice of dismissal, an applicant for post-conviction relief must obtain leave of the court before filing an amended application. Cole did not follow this procedure.

■ Cole argues that the statement in his original *pro se* petition—"[p]etitioner requests leave to amend the petition if his counsel so suggests"—was a sufficient request to require the district judge to consider his amended petition. We disagree. Al-

---

1. In his initial pro se petition Cole contended that he was entitled to relief because of the Department of Pardons and Parole in denying him parole. However, the proper mechanism for challenging an unlawful confinement in this context is a petition for habeas corpus, not an action for post-conviction relief. *See Stillwell v. State,* 124 Idaho 366, 859 P.2d 964, 969 (Ct.App. 1993).

though a district judge has the discretion to extend the time for filing any pleading under the UPCPA, and under I.C. § 19–4906(a) is directed to "take account of substance regardless of defects in form," this Court nevertheless has established some minimum standards of procedure under the Act. For example, in *Saykhamchone v. State*, 127 Idaho 319, 900 P.2d 795 (1995), this Court was presented with the state's argument that the district judge properly dismissed a post-conviction relief application under I.C. § 19–4906(c) upon the state's motion for summary disposition. The state in *Saykhamchone* argued its answer to the post-conviction relief application was a sufficient motion for summary disposition because the prayer for relief asked the court to "[d]ismiss the Petition for Post Conviction Relief in the above-entitled action without further hearing and pursuant to Idaho Code §§ 19–4901, et. seq." *Id.* at 322, 900 P.2d at 798. We found the state's general request in the answer's prayer for relief did not constitute a "motion" under I.C. § 19–4906(c) and "at a minimum, the state's prayer for relief in the Answer was deficient for not stating its ground *with particularity,* and for not stating that it was the state's *motion* for summary disposition under I.C. § 19–4906(c)." *Id.* The application of minimum standards to the state similarly applies to applicants for post-conviction relief. Cole's anticipatory request fails to meet this minimum standard of procedure. Cole's statement, requesting leave to amend if his counsel so suggests, is not a specific request to the court for leave to amend. Instead, this statement only contemplates that Cole *may* want leave amend *if* his counsel so suggests. This is an insufficient request for leave to amend.

Cole also asserts that although his amended petition was filed after the twenty-day response period, because it was filed prior to the district judge's dismissal, the judge erred in not considering the issues presented by the amended petition. Cole concedes that after the notice of intent to dismiss was issued by the district judge, he did not submit a motion to the court for leave to file an amended petition. Cole relies solely on the anticipatory request for leave to amend in the *pro se* application, which for the reasons stated above, was inadequate. Because a motion for leave to file an amended petition was required before it was necessary for the district judge to consider the amended petition, and because a proper motion was not filed, the district judge did not err in summarily dismissing Cole's case without considering the substantive arguments raised within the amended petition.

## IV.

## CONCLUSION

Cole's initial *pro se* application was insufficient as a motion for leave to amend. Because Cole did not properly request and receive leave to amend his post-conviction relief petition, the amended petition was not properly before the district judge; therefore, the district judge did not err in dismissing Cole's petition.

The order of summary dismissal is affirmed.

Justices SILAK, SCHROEDER, WALTERS and KIDWELL concur.

