IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37154

| JOHN E. HORONZY, | ) | 2011 Unpublished Opinion No. 346 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 9, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order dismissing application for post-conviction relief, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

John E. Horonzy appeals from the district court's order summarily dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURAL BACKGROUND

Horonzy was charged by a grand jury with first degree murder, Idaho Code §§ 18-4001, 18-4002, and 18-4003. Horonzy entered a plea to second degree murder, I.C. §§18-4001, 18-4002, and 18-4003. A judgment of conviction and order of commitment was entered by the district court and Horonzy was sentenced to a unified term of life with fifteen years determinate. Horonzy did not file an appeal.

Horonzy filed a timely pro se application for post-conviction relief. The State filed an answer and motion for summary disposition on all claims. The district court appointed counsel for Horonzy and counsel filed an objection to summary disposition. The State filed a response.

Five days before the hearing on the State's motion for summary disposition, and without the knowledge of his appointed counsel, Horonzy filed a handwritten addendum to his application for post-conviction relief. This addendum restated many of the claims Horonzy raised in his original application, and also arguably raised additional ineffective assistance of counsel claims. At the hearing, the district court referenced Horonzy's addendum and requested that the State respond orally to the addendum. The State contended that the addendum was not a properly filed pleading, but argued that if the district court were to consider any of the new substantive claims raised in the addendum, that all claims should be summarily dismissed. Horonzy's counsel presented argument in response.

The district court entered a written opinion granting the State's motion for summary dismissal of all of Horonzy's claims, stating:

> In his [addendum] Horonzy makes numerous allegations about the failure of counsel to pursue various pretrial motions relating to grand jury proceedings, his arrest, searches, his statements and so forth. Again, it is not clear what evidence should have been suppressed (though Horonzy does allude to statements he made in Missouri) or how he would have prevailed on these motions even if counsel should have filed them. He is required to establish by pleading and affidavit the scope of such claim and establish how this error would have affected this case. Again he has done no more than simply raise the issue. These assertions fall far short of the requirements of *Strickland*. Moreover, here again the record totally dispels his claims. A review of the ISTARS record (of which the Court has taken judicial notice) shows that his counsel filed (and often refilled [sic]) motions challenging all of the items raised in Horonzy's pleadings.

Horonzy appeals, contending that he was entitled to notice of intent to dismiss and twenty days to respond before the district court could summarily dismiss the new claims raised in the pro se addendum to the application.

## II.

## ANALYSIS

Horonzy does not appeal the summary dismissal of the claims actually raised in his application for post-conviction relief. Instead, Horonzy contends that he raised additional claims in the addendum which he filed five days in advance of the summary disposition hearing. He argues that the district court, at least in part, took up these newly asserted claims and summarily dismissed them without providing him with twenty days notice and an opportunity to respond as required by I.C. § 19-4906(b). The State contends that new claims are not properly raised in

2

response to a motion for summary disposition filed by the State, or a notice of intent to dismiss filed by the court, and that amendment of the application, upon proper motion and order, is required before new or additional issues may be considered.

The State is correct. In *Cowger v. State*, 132 Idaho 681, 687, 978 P.2d 241, 247 (Ct. App. 1999), Cowger responded to the district court's notice of intent to dismiss and attached a letter from counsel. Cowger contended that the substance of the letter raised additional issues. This Court held:

> An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). The court may summarily dispose of the application when its allegations fail to frame a genuine issue of material fact. I.C. § 19-4906(b); *Griffith v. State,* 121 Idaho 371, 373, 825 P.2d 94, 96 (Ct.App.1992). "Implicit in this standard is the requirement that all necessary allegations be made in the application." *Griffith,* 121 Idaho at 374, 825 P.2d at 97. *See also* I.C. § 19-4903 (The application shall specifically set forth the grounds upon which the application is based.).
>
> The procedure contemplated by the Uniform Post-Conviction Procedure Act does not permit new allegations to be raised in response to a notice of intent to dismiss. The applicant, upon discovering additional claims, should amend his or her application and renew his or her motion for court-appointed counsel based upon the new allegations. To allow additional claims to be raised in the response to the district court's notice of intent to dismiss would require that the district court issue a further notice of intent to dismiss as to those claims in order to give the applicant an opportunity to respond to the court's reasons for dismissing the new claims within the time statutorily provided. Conceivably, the post-conviction process could go on indefinitely because the applicant may simply raise a new issue in each response to a notice of intent to dismiss in order to circumvent its dismissal. An applicant's "response" then, would be encouraged to be nonresponsive. Thus, we are constrained to conclude that an applicant must file an amended application when he or she desires to raise additional issues in a post-conviction case. *See* I.C. § 19-4906(b).
>
> In Cowger's case, we conclude these new claims were not properly raised before the district court either in the original application or in an amended application. . . .

*Id*. at 686-687, 978 P.2d at 246-247 (footnotes omitted). The *Cowger* Court noted that although the district court attempted to address the claims it gleaned from the letter it was not required to do so. *Id*. at 687 n.2, 978 P.2d at 247 n.2.

In *Cole v. State*, 135 Idaho 107, 15 P.3d 820 (2000), Cole filed an untimely amended application after the court provided notice of its intent to dismiss. *Id*. at 109, 15 P.3d at 822.

3

The Idaho Supreme Court held that a general request for leave to amend set out in the first application for post-conviction relief was insufficient, as a matter of procedure, to present a request for amendment. The Court stated that "because a motion for leave to file an amended petition was required before it was necessary for the district judge to consider the amended petition, and because a proper motion was not filed, the district judge did not err in summarily dismissing Cole's case without considering the substantive arguments raised within the amended petition." *Id.* at 111, 15 P.3d at 824.

It is uncontested that Horonzy did not request, nor was he granted leave from the district court to file an amendment to his post-conviction application. During the hearing, the district court characterized Horonzy's addendum as: (1) a restatement of many claims he had already raised; and (2) possible new claims for ineffective assistance of counsel. To the extent the district court considered Horonzy's addendum as an attempt to support the claims set forth in the original application, it was correct in doing so. However, Horonzy was precluded from asserting new claims in response to the motion for summary disposition without first obtaining leave of the court, pursuant to the applicable rules, to amend the application. Because Horonzy did not properly request and receive leave to amend his post-conviction relief application, any new claims asserted in the addendum were not properly before the district court. The district court did not err in dismissing Horonzy's application for post-conviction relief.

## III.
## CONCLUSION

Because a motion for leave to file an amended application was required before it was necessary for the court to consider any new issues raised in Horonzy's pro se handwritten addendum, and because a proper motion was not filed, the district court did not err in summarily dismissing Horonzy's application for post-conviction relief.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**

4