IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37621

| WILLIAM BLAINE HANINGTON, | ) | 2011 Unpublished Opinion No. 733 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed:  December 7, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell, District Judge.

Order summarily dismissing petition for post-conviction relief, affirmed.

William Blaine Hanington, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

William Blaine Hanington appeals from the district court's order summarily dismissing his petition for post-conviction relief.

In 2004, Hanington pleaded guilty to enticing children over the Internet, Idaho Code § 18-1509A.  On January 24, 2005, the district court granted a withheld judgment and placed Hanington on probation.  After Hanington was found in violation of probation, the district court imposed a unified sentence of fifteen years, with seven years fixed, and retained jurisdiction. After a series of probation periods and violations, and a second retained jurisdiction, the district court again suspended the sentence and placed Hanington on probation.  On August 8, 2008, the district court revoked probation and executed the underlying sentence, but reduced the fixed term to six years.  Hanington appealed, contending that the district court erred by not further reducing the fixed term.  This Court affirmed in *State v. Hanington*, 148 Idaho 26, 218 P.3d 5 (Ct. App. 2009).

1

On September 17, 2009, Hanington filed the present action for post-conviction relief asserting that his guilty plea was involuntary because the prosecution had not disclosed alleged exculpatory evidence prior to the entry of his plea. He also asserted ineffective assistance of counsel claims related to counsel's failure to investigate and uncover the alleged exculpatory evidence.

The State moved for summary dismissal, contending that Hanington's petition was untimely, that the evidence Hanington contended was withheld by the prosecution and not uncovered by defense counsel was not exculpatory or material, and that Hanington had failed to adequately support his claims with admissible evidence. In response, Hanington moved to file an amended petition and provided a copy of his proposed amended petition. On February 26, 2010, the district court granted Hanington's motion, and the amended petition was filed. That same day, however, the district court granted the State's January 29, 2010, motion for summary dismissal. Specifically, the district court held that the amended petition was untimely under the provisions of Idaho Code § 19-4902 because it challenged the validity of the conviction and was not filed within one year and forty-two days of the filing of the 2005 order withholding judgment.

Hanington filed a timely Idaho Rule of Civil Procedure 59(e) motion to alter or amend the judgment, contending that the district court erred by dismissing his amended petition without requiring the State to file an answer to that petition or to refile its motion for summary dismissal. Hanington also asserted his responses to the State's earlier motion, contending that his claims relating to the State's withholding of exculpatory evidence were not barred by the statute of limitation because the statute is tolled in that circumstance. The district court concluded that it had not erred procedurally in granting the State's motion and, alternatively, that Idaho law did not provide for tolling as Hanington asserted. Hanington appeals.

Hanington first claims that the district court erred by summarily dismissing his amended petition without requiring the State to file an answer to that amended petition or to refile its motion for summary dismissal. Assuming without deciding that the district court so erred, the error was harmless. Hanington's amended petition raised only one new claim that was not alleged in his first petition and addressed in the State's motion, and Hanington does not continue to pursue that new claim on this appeal. In his motion to alter or amend, Hanington responded to the State's motion for summary dismissal on all of the claims that he continues to pursue, and his

arguments were considered by the court. Therefore, any procedural error in not requiring a new motion from the State to expressly address the amended petition was harmless.

Hanington next asserts that the district court erred by summarily dismissing his petition on the ground that it was not timely filed. A petition for post-conviction relief may be summarily dismissed when there exist no genuine issues of material fact and, on the undisputed facts, the State is entitled to judgment as a matter of law. I.C. § 19-4906; *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Cowger v. State*, 132 Idaho 681, 684, 978 P.2d 241, 244 (Ct. App. 1999); *Gonzales v. State*, 120 Idaho 759, 761, 819 P.2d 1159, 1161 (Ct. App. 1991). The statute of limitation for post-conviction actions, Idaho Code § 19-4902, provides that a petition for post-conviction relief "may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later." The "appeal" referenced in that section means the appeal in the underlying criminal case. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992); *Hanks v. State*, 121 Idaho 153, 154, 823 P.2d 187, 188 (Ct. App. 1992). Hanington did not appeal from the court's adjudication of his guilt in the order of withheld judgment, and the time for appeal expired forty-two days after entry of that January 24, 2005, withheld judgment pursuant to Idaho Appellate Rule 14. Therefore, the statute of limitation for a post-conviction action challenging the legality of Hanington's conviction began to run in early March 2005 and expired in early March 2006. *Gonzalez v. State*, 139 Idaho 384, 385-86, 79 P.3d 743, 744-45 (Ct. App. 2003). Unless Hanington has established that the statute of limitation regarding all or some of his claims was tolled, his petition was filed three and a half years too late.

Hanington's post-conviction claims are based upon assertions that the State failed, prior to or after his guilty plea, to disclose material, exculpatory evidence in violation of the dictates of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, which establish that a prosecutor has a duty to disclose to an accused, with or without request, any material, exculpatory evidence in the prosecutor's possession. The failure of this duty is a violation of the accused person's right to due process. *See State v. Gardner*, 126 Idaho 428, 432, 885 P.2d 1144, 1148 (Ct. App. 1994). In *Charboneau v. State*, 144 Idaho 900, 904-05, 174 P.3d 870, 874-75 (2007) our Supreme Court said that "because of the due process implications arising from the State's misconduct where a *Brady* violation is asserted, there may be a tolling of the one year statute of limitations until

3

discovery of the *Brady* violation" and that, to be timely pursued, a post-conviction petition asserting such a claim must be filed within a "reasonable time" after its discovery.

Here, the district court concluded that *Charboneau* did not involve tolling of the one-year Section 19-4902 statute of limitation. Hanington claims error in this determination, and we agree. To the extent that *Charboneau* was unclear in its application, in *Rhoades v. State*, 148 Idaho 247, 250-51, 220 P.3d 1066, 1069-70 (2009), the Idaho Supreme Court resolved any ambiguity, holding that a petitioner is entitled to equitable tolling of the statute of limitation if a *Brady* violation is asserted, but that such a claim must be filed within a reasonable time after discovery. This error of the district court does not require reversal, however, for where the lower court reaches the correct result by an erroneous theory, this Court may affirm the order if the same result would be proper under another theory that was presented below. *Fields v. State*, 151 Idaho 18, 22, 253 P.3d 692, 696 (2011)

Discussion of the merits requires some factual context of Hanington's crime. He was accused of enticing a child over the Internet in violation of Idaho Code § 18-1509A, which prohibits use of the Internet by an adult "to solicit, seduce, lure, persuade or entice by words or actions, or both, a minor child under the age of sixteen (16) years or a person the defendant believes to be a minor child under the age of sixteen (16) years to engage in any sexual act with or against the child where such act is a violation of chapter 15, 61 or 66, title 18, Idaho Code." Hanington was charged after communicating with a person in an Internet chat room who used the name "maggie14boise" and who, on her profile page, identified herself as female and listed her occupation as "9th Grade." Maggie14boise, as it turned out, was not a ninth-grade female, but instead was a police officer ferreting out pedophiles.

Hanington's first claim of a *Brady* violation involves maggie14boise's profile page. He alleges that when the police created the user account they were contractually required to provide the user's age for the profile page, that they intentionally omitted this information, and that the prosecution did not disclose the profile page before Hanington pleaded guilty. Whether or not this is true, Hanington says in an affidavit that his attorney gave him a copy of the profile page prior to his sentencing. Necessarily then, Hanington knew of the alleged violation prior to January 24, 2005, and before the statute of limitation had begun to run. This claim is therefore barred by the statute of limitation.

4

Hanington next asserts that the police violated the Internet chat room provider's terms and conditions on use of the chat room because the provider required users to agree not to impersonate anyone. Hanington assumes that the police did not make any arrangement with the provider to post a false identity and that the police thereby violated their contract with the provider. This, he posits, constitutes outrageous conduct by law enforcement that would have provided a defense against his charges if he had known of it. The asserted *Brady* violation is that the police never disclosed the chat room provider's standard terms of use.

Hanington's claim has no validity. First, he has not shown that the terms of service agreement form of the chat room provider was suppressed by the State. It was not within the exclusive control of the State, and Hanington had equal access to it at all times. He needed only examine the chat room provider's website, something that he presumably did before he began the chat room conversation with police that resulted in his arrest. Second, the chat room terms of service agreement is neither material nor exculpatory evidence. Evidence is exculpatory if it "tends to clear an accused of alleged guilt, excuses the actions of the accused, or tends to reduce punishment." *Gardner*, 126 Idaho at 433, 885 P.2d at 1149. Evidence is "material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Here, assuming that the police breached a terms of use agreement, that conduct might have violated a contractual right of the chat room provider, but it violated no right of Hanington and was in no way exculpatory or mitigating. Therefore, no *Brady* violation is shown.

Finally, Hanington claims that his counsel was ineffective for failing to uncover the user profile and terms of use agreement. An applicant seeking relief for ineffective assistance must show that the attorney's representation did not meet objective standards of competence, i.e., that counsel's conduct did not fall "within the wide range of reasonable professional assistance" and that the applicant was prejudiced by his attorney's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 689-96 (1984); *Aragon v. State*, 114 Idaho 758, 760-61, 760 P.2d 1174, 1176-77 (1988).

Hanington's claim of ineffective assistance is barred by the statute of limitation. As noted above, Hanington possessed the "maggie14boise" profile page before his sentencing, and he has shown no reason why he could not have obtained the chat room provider's terms of use

5

agreement at any time before or after his withheld judgment. Therefore, there is no basis to toll the statute of limitation on this claim. Further, because neither the profile page nor the chat room provider's terms of service agreement is exculpatory or material, Hanington has not made a prima facie showing that counsel was deficient for failing to procure that material or that Hanington was prejudiced by this omission. Accordingly, the claim of ineffective assistance of counsel was properly dismissed.

For the foregoing reasons, the district court's order summarily dismissing Hanington's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**