**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39814**

| | | |
|---|---|---|
| ONEISA MAY GILLARD, | ) | 2013 Unpublished Opinion No. 621 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 9, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Order dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Oneisa May Gillard pled guilty to grand theft. I.C. §§ 18-2403(1), 18-2407(1)(b)(1). The district court imposed a unified sentence of six years, with a minimum period of confinement of one year. Gillard did not file a direct appeal, but filed a pro se petition for post-conviction relief. In the petition, Gillard claimed that she received ineffective assistance of counsel and that her sentence was excessive. The district court appointed counsel and also provided notice of intent to dismiss pursuant to I.C. § 19-4906(b). Gillard responded to the notice, arguing the petition and attached affidavit raised a genuine issue of material fact regarding whether her guilty plea was knowing, intelligent, and voluntary. However, Gillard neither amended nor supplemented her petition to add this specific claim. The district court dismissed Gillard's petition for post-conviction relief. Gillard appeals.

Gillard argues the district court erred because there was a genuine issue of material fact as to whether her plea was knowing, intelligent, and voluntary. However, this argument was not

1

raised in the petition itself, and was first set forth in Gillard's response to the district court's notice of intent to dismiss.

A petition for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). The court may summarily dispose of the petition when its allegations fail to frame a genuine issue of material fact. I.C. § 19-4906(b); *Griffith v. State*, 121 Idaho 371, 373, 825 P.2d 94, 96 (Ct. App. 1992). Implicit in this standard is the requirement that all necessary allegations be made in the petition. *Griffith*, 121 Idaho at 374, 825 P.2d at 97. *See also* I.C. § 19-4903 (stating the petition shall specifically set forth the grounds upon which the application is based).

The procedure contemplated by the Uniform Post-Conviction Procedure Act does not permit new allegations to be raised in response to a notice of intent to dismiss. *Cowger v. State*, 132 Idaho 681, 686-87, 978 P.2d 241, 246-47 (Ct. App. 1999). The petitioner, upon discovering additional claims, should amend his or her petition and renew his or her motion for court-appointed counsel based upon the new allegations. *Id.* at 687, 978 P.2d at 247. To allow additional claims to be raised in the response to the district court's notice of intent to dismiss would require that the district court issue a further notice of intent to dismiss as to those claims in order to give the petitioner an opportunity to respond to the court's reasons for dismissing the new claims within the time statutorily provided. Conceivably, the post-conviction process could go on indefinitely because the petitioner may simply raise a new issue in each response to a notice of intent to dismiss in order to circumvent its dismissal. A petitioner's "response" then, would be encouraged to be nonresponsive. Thus, we are constrained to conclude that a petitioner must file an amended petition when he or she desires to raise additional issues in a post-conviction case. *Id.*

Gillard did not amend her original petition to add the claim that her plea was not knowing, intelligent, and voluntary. Furthermore, while the district court did address this claim in its order dismissing Gillard's petition, it did so within the context of ineffective assistance of counsel. Therefore, this claim was not properly raised before the district court. On appeal, we only consider whether the district court erred in addressing the claims raised by the petition--that Gillard received ineffective assistance of counsel and that the sentence imposed was excessive.

Gillard fails to argue that the district court erred on either of these claims. Indeed, Gillard expressly states she is not asserting that her counsel was ineffective. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Therefore, we do not address these issues. The district court's order dismissing Gillard's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**