**Dennis E. ABBOTT, Plaintiff–Appellant,**

v.

**Olivia CRAVEN; et al., Defendants–Appellees.**

No. 07–35868.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 26, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**674**

Dennis E. Abbott, Boise, ID, pro se.

Mark A. Kabinski, Esquire, Idaho Department of Correction, Boise, ID, for Defendants–Appellees.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Dennis E. Abbott appeals pro se from the district court's summary judgment dismissing his 42 U.S.C. § 1983 action in which Abbott claimed that members of the Idaho Commission of Pardons and Parole improperly increased the duration of his sentence, violated his due process rights, and violated the Ex Post Facto Clause by requiring him to complete sex-offender treatment as a prerequisite to parole eligibility. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment and the determination that a complaint fails to state a claim, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

** This disposition is not appropriate for publication and is not precedent except as provid-

Abbott's challenges to his re-sentencing in 1986 and the denial of parole are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

Abbott's Ex Post Facto contention fails under *Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir.1997) ("[M]andatory treatment programs following an inmate's classification as a sex offender based on conduct which occurred prior to the program's beginning do not violate the Ex Post Facto Clause.").

Abbott's due process contention fails because he must show a state-created liberty interest, *see Board of Pardons v. Allen*, 482 U.S. 369, 374–75, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987), and under Idaho law there is no such liberty interest in parole, *Banks v. State*, 128 Idaho 886, 920 P.2d 905, 908 (1996).

The order to show cause regarding possible mootness is discharged.

**AFFIRMED.**