**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40140**

| | | |
|---|---|---|
| **EDWARD DEAN OLSON,** | ) | **2013 Unpublished Opinion No. 507** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: May 22, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Ellsworth, Kallas & DeFranco, PLLC; Joseph L. Ellsworth, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Edward Dean Olson appeals from the district court's order summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTS AND PROCEDURE**

Olson pled guilty to possession of a controlled substance, Idaho Code § 37-2732, and forgery, I.C. § 18-3601. The district court imposed a unified term of seven years with one year determinate for his possession of a controlled substance conviction and a consecutive unified term of fourteen years with seven years determinate for his forgery conviction. On December 30, 2008, Olson's counsel filed an Idaho Criminal Rule 35 motion requesting leniency in his sentence. Thereafter, in early January 2009, a riot occurred at the Idaho State Correctional Institution where Olson was incarcerated. Olson allegedly prevented several inmates from participating in the riot and helped a prisoner who was badly beaten. Following the riot, Olson claims he tried to inform counsel of his actions during the riot, but counsel allegedly failed to

1

communicate with him. On January 27, 2009, the district court denied Olson's Rule 35 motion. In an unpublished opinion, this Court determined that the sentences imposed were not excessive. *State v. Olson*, Docket No. 36087 (Ct. App. July 23, 2009) (unpublished).

While the appeal was pending, Olson filed a petition for post-conviction relief. He was appointed counsel and his counsel filed an amended petition for post-conviction relief. The petition asserted that trial counsel provided ineffective assistance of counsel for failing to communicate with Olson following the prison riot and for failing to produce evidence of Olson's actions during the riot to the district court for its consideration when determining his Rule 35 motion. The district court summarily dismissed his motion, finding that Olson failed to demonstrate prejudice. Olson timely appeals.

## II.

## ANALYSIS

Olson claims that the district court erred in failing to conduct an evidentiary hearing regarding his claim of ineffective assistance of counsel. A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In the instant case, Olson claims that his trial counsel was ineffective for failing to submit additional information to the district court in support of his Rule 35 motion. Specifically, Olson argues that his counsel should have informed the court of his actions during the prison riot. The district court found that no prejudice existed and summarily dismissed his petition. We agree. As discussed above, to establish prejudice, Olson must show that the outcome would have been different absent his attorney's deficient performance. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. In its memorandum decision, the district court stated:

> In this case, this Court would not have granted Rule 35 relief based upon the evidence that the Petitioner had hoped to present to the Court. In reviewing the Court's written Rule 35 decision, the Court's primary emphasis involving Mr. [Olson's] case was the protection of society. Mr. [Olson] had been involved in repeated theft offense cases and in repeated drug usage over the course of decades. The Court would have simply viewed this post-sentencing evidence as evidence that should be presented to a parole board. The Court would not have granted or modified the Petitioner's sentence in any way, shape, or form if this evidence had been forthcoming.

Olson does not dispute the district court's finding, but instead argues that the district court did not properly consider whether his actions during the riot "met the criteria for reduction of sentence under Rule 35 analysis." We disagree. In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). The district court considered Olson's information regarding his actions during the prison riot, but concluded that the information would not have altered his sentence. In its decision summarily dismissing Olson's petition, the district court stated that at sentencing its primary focus was protection of society, specifically referencing Olson's long criminal history and his continual use of controlled substances. In *Cowger v. State*, 132 Idaho 681, 686, 978 P.2d 241, 246 (Ct. App 1999), we upheld the district court's summary dismissal of Cowger's claim that his counsel was ineffective for failing to file a Rule 35 motion. We noted that the district court had carefully considered Cowger's arguments and determined that it would not have exercised its discretion by reducing his sentence. Thus, we concluded that Cowger had failed to demonstrate prejudice in counsel's failure to file a Rule 35 motion. *Id*. The same analysis applies in this case.

5

## III.

## CONCLUSION

Olson has failed to demonstrate reversible error. Accordingly, the district court's order summarily dismissing Olson's petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**