# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47297

<table>
<tr><td>VALENTIN CALVILLO,<br><br>       Petitioner-Appellant,<br><br>v.<br><br>STATE OF IDAHO,<br><br>       Respondent.</td>
<td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td>
<td>Filed: April 12, 2021<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED<br>OPINION AND SHALL NOT<br>BE CITED AS AUTHORITY</td>
</tr>
</table>

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment summarily dismissing petition for post-conviction relief, __affirmed__.

Valentin Calvillo, Eagle Pass, Texas, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Valentin Calvillo appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Calvillo alleges the district court erred by not granting him leave to amend his petition. However, even without amending the petition, Calvillo argues the district court erred because Calvillo alleged a genuine issue of material fact that trial counsel pressured him into forgoing his right to testify and provided ineffective assistance of counsel. Calvillo did not preserve for appeal his claims that the district court erred by not granting him leave to amend his petition and his trial counsel pressured him into foregoing his right to testify. Additionally, Calvillo has not asserted facts, if true, that would entitle him to relief for his claims of ineffective assistance of trial counsel. Accordingly, the district court's judgment summarily dismissing Calvillo's petition for post-conviction relief is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury found Calvillo guilty of seven counts of lewd conduct with a minor and one count of sexual abuse of a minor, and the district court imposed an aggregate unified sentence of thirty years, with fifteen years determinate. Calvillo filed a petition for post-conviction relief, alleging ineffective assistance of trial counsel; the petition was granted and he received a new trial in the criminal case. Following trial, a jury found Calvillo guilty of six counts of lewd conduct with a minor and one count of sexual abuse of a minor. The district court imposed an aggregate unified sentence of thirty years, with fifteen years determinate, and Calvillo appealed. This Court affirmed the judgment of conviction, *State v. Calvillo*, Docket No. 44520 (Ct. App. Jan. 9, 2018) (unpublished), and a remittitur was issued. Calvillo filed an Idaho Criminal Rule 35 motion to correct an illegal sentence, which the district court denied. On appeal, this Court affirmed the district court. *State v. Calvillo*, Docket No. 45263 (Ct. App. Dec. 19, 2017) (unpublished).

With the assistance of counsel, Calvillo then filed a petition for post-conviction relief. In the petition, Calvillo alleged that the transcriptions of his discovery, hearings, and jury trial were missing "important parts of conversations," including the victim recanting an unspecified accusation.[1] Calvillo also alleged his trial counsel provided ineffective assistance by: (1) making racist comments and coordinating the color of Calvillo's clothing to markers, crayons, and images used to depict guilt to the jury; (2) failing to call witnesses at trial that were important to Calvillo's defense; (3) failing to object to three things: the prejudicial nature of the St. Luke's Children at Risk Evaluation Services (CARES) video,[2] the lack of translation or transcription of the video into Spanish, and the State fast forwarding and rewinding portions of the video during trial; and (4) appearing unprofessional in his conduct and dress. Calvillo filed an accompanying affidavit in support of his petition for post-conviction relief that expanded on some of these claims. The State filed a motion for summary disposition, alleging that Calvillo's petition was bare and conclusory and, therefore, had not established facts that, if true, would warrant post-conviction relief.

The district court held a summary disposition hearing. During argument, Calvillo's post-conviction counsel stated that if the district court deemed the petition "to be vague in its reference

---

[1]    Calvillo abandons this claim on appeal and, accordingly, we will not address it.

[2]    We assume this claim relates to a video interview conducted by St. Luke's Children at Risk Evaluation Services.

2

to some of the things raised in the affidavit, I would submit that . . . the motion ought to be denied and leave to amend to more specifically state grounds would be granted." In response, the State argued that, due to the deficiencies in Calvillo's petition, the district court should not consider his oral request to amend his petition. After the hearing, the district court issued a written decision finding that Calvillo had not supported his claims with evidence or presented facts that would support his ineffective assistance of counsel claims. Accordingly, the district court dismissed Calvillo's petition for post-conviction relief. Calvillo timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by

admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused

from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.*

## III.

## ANALYSIS

Calvillo alleges the district court erred in summarily dismissing his petition for post-conviction relief. Calvillo argues the district court should have granted him leave to amend his petition to remedy the deficiencies. Alternatively, Calvillo argues that the district court erred because Calvillo alleged a genuine issue of material fact that trial counsel pressured Calvillo into giving up his right to testify and provided ineffective assistance by: (1) suggesting Calvillo was guilty by coordinating the color of Calvillo's clothing to items used during counsel's presentation to the jury to imply Calvillo's guilt; (2) failing to call witnesses that were important to Calvillo's defense; (3) not objecting to the use of the CARES video; and (4) conducting and presenting himself unprofessionally. In response, the State contends Calvillo failed to show the district court erred by not granting leave to amend and summarily dismissing his petition for post-conviction relief.

**A.    Calvillo Did Not Preserve His Claim That the District Court Erred By Not Granting Leave to Amend His Petition for Post-Conviction Relief**

Calvillo concedes that his petition for post-conviction relief contained assertions that were not supported by authority and that the petition was not presented in a "coherent manner."[3] Calvillo attributes these deficiencies to the inherent limitations of his pro se status[4] and incarcerated status and contends that the district court abused its discretion by not granting him leave to amend his petition to remedy those deficiencies.[5] We are not persuaded. Calvillo was

---

[3]    Calvillo makes factual assertions in his appellate briefing to this Court but failed to present these same facts to the district court. Because Calvillo makes these assertions for the first time on appeal, we will not consider them when reviewing his claims. *See* I.C. § 19-4906 (courts look to pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, to determine whether summary dismissal was appropriate).

[4]    Although Calvillo is pro se on appeal, he was not pro se in district court.

[5]    In his appellate brief, Calvillo asserts that his post-conviction counsel rendered ineffective assistance by not correcting the deficiencies in his petition for post-conviction relief. There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. Accordingly, we will not address this claim on appeal. *See Follinus v. State*,

represented by counsel during the post-conviction proceedings. Counsel drafted and filed the petition and argued on behalf of Calvillo during the hearing on the State's summary dismissal motion. Because Calvillo was represented, any deficiencies cannot be linked to his pro se status. Further, Calvillo has presented no argument or evidence to suggest that the actions taken by post-conviction counsel were linked to Calvillo's incarcerated status.

More problematic for Calvillo is that because he did not move to amend his petition, there was no motion for the court to rule on and, thus, there is no adverse ruling from the district court to review on appeal. Pursuant to Idaho Rule of Civil Procedure 15(a), a "petitioner cannot amend his petition once a responsive pleading has been filed without permission of the court or written permission of the State." *Schultz v. State*, 151 Idaho 383, 387, 256 P.3d 791, 795 (Ct. App. 2011). Thus, after a respondent files a responsive pleading, a petitioner must seek leave to file an amended petition. *See Cole v. State*, 135 Idaho 107, 111, 15 P.3d 820, 824 (2000) ("a motion for leave to file an amended petition was required before it was necessary for the district judge to consider the amended petition"). A petitioner must make a specific request to the trial court for leave to amend. *Id.* A suggestion that a petitioner may seek leave to amend upon the occurrence of a particular condition is insufficient to be considered a motion for leave to amend. *Id.* (holding that petitioner's "statement, requesting leave to amend if his counsel so suggests, is not a specific request to the court for leave to amend" because it only contemplates that petitioner may want leave to amend if his counsel so suggests).

Finally, it is the appellant's burden to obtain an adverse ruling at the trial court, *State v. Huntsman*, 146 Idaho 580, 585-86, 199 P.3d 155, 160-61 (Ct. App. 2008), and it is well settled that this Court will not review an appellant's assignment of error unless the record discloses such an adverse ruling which forms the basis for the claim. *State v. Dougherty*, 142 Idaho 1, 6, 121 P.3d 416, 421 (Ct. App. 2005). This remains true even when the trial court had actual knowledge of the issue and implicitly did not grant the party the desired relief. *Huntsman*, 146 Idaho at 585, 199 P.3d at 160.

Here, neither post-conviction counsel nor Calvillo filed a written motion for leave to amend the petition for post-conviction relief. Calvillo also did not mention desiring leave to amend in his response to the State's motion for summary dismissal. Instead, Calvillo's only reference to an

---

127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987).

amended petition was at the summary dismissal hearing when trial counsel stated that if the district court determined that Calvillo's petition was "vague in its reference to some of the things raised in the affidavit" the court should deny the State's motion and grant leave to amend. Like in *Cole*, this is not a specific enough request to be viewed as a motion for leave to amend Calvillo's petition. Because Calvillo did not request leave to amend his petition for post-conviction relief, he did not receive an adverse decision from the district court. Accordingly, Calvillo has not preserved this claim for appeal.

**B.     Calvillo Did Not Assert In His Petition or Supporting Affidavit His Claim That Trial Counsel Pressured Him to Not Testify and, Therefore, It Cannot Be Considered on Appeal**

Calvillo alleges the district court erred in summarily dismissing his petition for post-conviction relief because his trial counsel pressured him into relinquishing his right to testify. In response, the State argues that Calvillo failed to preserve this issue for appeal because he did not raise it as a claim in his petition for post-conviction relief and, therefore, did not present it to the district court.

A cause of action not raised in a party's pleadings may not be considered on summary judgment or for the first time on appeal. *Kelly v. State*, 149 Idaho 517, 523, 236 P.3d 1277, 1283 (2010). Thus, if a petitioner fails to raise a claim in his petition for post-conviction relief or supporting affidavit, the district court, and the appellate court, would err by nonetheless considering the claim. *Id.* at 524, 236 P.3d at 1284; *see also Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991) (holding that generally, issues not raised below may not be considered for first time on appeal).

Calvillo's petition for post-conviction relief did not allege that his trial counsel pressured him into forgoing his right to testify, either as a claim of ineffective assistance of counsel or as an independent constitutional claim. In his affidavit, Calvillo summarized discussions with trial counsel pertaining to whether Calvillo would testify, but Calvillo did not link these conversations to any claim in his petition. At the summary dismissal hearing, Calvillo's post-conviction counsel orally raised an assertion of ineffective assistance of trial counsel for pressuring Calvillo not to testify however, a petitioner cannot raise a claim for the first time at a summary dismissal hearing. *See Kelly* at 524, 236 P.3d at 1284 (as petitioner "failed to raise a claim for prosecutorial misconduct--on the basis of withholding exculpatory evidence--in his petition or supporting affidavit, the district court erred in considering such a claim at summary dismissal proceedings").

Moreover, at the summary dismissal hearing, the State pointed out that this claim was not raised in the petition and that Calvillo did not link the conversations to a claim for relief. Despite the State's comments, as noted above, neither Calvillo nor his trial counsel filed a motion to amend the petition. As a result, the district court did not consider the claim and, thus, it is not preserved for our review.

### C. The District Court Did Not Err in Summarily Dismissing Calvillo's Ineffective Assistance of Trial Counsel Claims

Calvillo asserts that although his claims were "poorly presented" in his petition for post-conviction relief, he asserted facts that, if true, would entitle him to post-conviction relief regarding his ineffective assistance of trial counsel claims and, therefore, the district court erred in summarily dismissing his petition. In response, the State argues that Calvillo failed to demonstrate the district court erred by summarily dismissing Calvillo's petition for post-conviction relief.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

#### 1. Calvillo Did Not Allege Facts That Would Entitle Him to Post-Conviction Relief for His Claim of Ineffective Assistance of Trial Counsel for Racist Comments and Coordinating Calvillo's Clothing to Imply Guilt

Calvillo alleges the district court erred in dismissing his petition for post-conviction relief because he asserted facts that support a claim for relief for ineffective assistance of trial counsel

8

for making racist comments and suggesting to the jury that Calvillo was guilty through coordinating the color of Calvillo's clothing to markers, crayons, and images used during voir dire and trial. These assertions are separate claims and will be addressed accordingly.

First, in his petition for post-conviction relief, Calvillo asserted that his trial counsel "made racist comments involving colors of skin and linking guilty parties to the color of their skin." However, Calvillo did not expand this claim in the petition or cite to any racist comments or implications in his supporting affidavit. Accordingly, Calvillo's claim is bare and conclusory and, thus, he did not support his allegation with sufficient evidence to make a prima facie case as to each essential element of the claim. *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009).

Second, in his petition for post-conviction relief and his supporting affidavit, Calvillo asserts that his trial counsel provided Calvillo clothing to wear for trial and required that Calvillo wear certain items on certain days. Calvillo alleges trial counsel coordinated the color of Calvillo's clothing to the colors of markers, crayons, and images used during trial counsel's presentation to the jury to imply Calvillo's guilt. As supporting evidence, Calvillo attests to three instances of such coordination: (1) Calvillo's black shirt and trial counsel's use of a black marker during voir dire; (2) Calvillo's blue shirt and trial counsel's use of a blue crayon during voir dire to create a drawing which was referenced on the second day of trial, and blue images during closing argument; and (3) Calvillo's white shirt and brown pants and trial counsel's use of a sketch of a brown elephant with white stripes during closing argument.

Calvillo asserts that on the first day of trial, his trial counsel made him wear a black shirt and then used a black marker during voir dire to convey Calvillo's guilt. Specifically, Calvillo attests that his trial counsel "got two markers, one was black, and the other was blue. [Trial counsel] said, 'Have in your mind these are big crayons, like in the movie. I saw a cartoon movie where two colors were always fighting. One would say 'you did it!' the other would say 'you did.'" This was Calvillo's only reference to the coordination of his black shirt to imply his guilt. Calvillo does not assert that his trial counsel told the jury the black marker represented the guilty party, connected the black marker to Calvillo, or caused prejudice to Calvillo by his demonstration with the two markers.

On the second day of trial, Calvillo attests that his trial counsel made him wear a blue shirt which coordinated to counsel's use of a blue crayon to make a drawing during voir dire, which

9

was referenced during the second day of trial, and blue images shown in a video on the third day of trial to imply Calvillo's guilt. Calvillo asserts that during voir dire, trial counsel "got a writing tablet with a white sheet where he drew a blue line and asked the jury, 'What is this? What does that mean?' The jury responded, 'That it is the evidence.' [Trial counsel] said, 'That's right, that's the evidence of who did it.'" On the second day of trial, when Calvillo was wearing the blue shirt, Calvillo alleges that his trial counsel referred back to the blue line drawing:

> [Trial counsel] came up to me and he grabbed my left shoulder, then he said to all the courtroom, "Valentin didn't do it. What is on the board? What is the evidence? Who did it?" [Trial counsel] showed the tablet with the blue lines and asked the question: "Who did it?" When [trial counsel] showed the jury the tablet with blue lines, Stacy, who was next to me, pushed her chair back so that the jury saw me clearly and that I was wearing a blue shirt, the same color as the lines on the board.

Then during closing argument on the third day of trial, Calvillo asserts that his trial counsel showed a film with multiple blue and white images and later asked the jury, "Do you remember who did it on the colors?' He came and grabbed my left shoulder [and] then he said, 'Valentin didn't do it.'" Calvillo's connection between trial counsel drawing a blue line that represented "evidence" during voir dire and showing a video containing various blue images on the third day of trial to the blue shirt Calvillo wore on the second day of trial is tenuous. Moreover, Calvillo alleges no facts that indicate the blue line or the blue video images represented the guilty party. Therefore, Calvillo has not alleged facts that, if true, would entitle him to post-conviction relief.

Finally, Calvillo alleges that on the third day of trial, his trial counsel required Calvillo to wear a white shirt and brown pants and coordinated this outfit to imply his guilt. Specifically, Calvillo asserts his trial counsel "placed white lines on the [] sketch of the guilty elephant while placing his hand on me as he had me wearing a white shirt" during closing argument and this suggested that Calvillo was guilty of the charges. Calvillo provided no other information about this claim; we do not know in what context trial counsel showed the drawing of the elephant or how counsel indicated the elephant represented Calvillo's guilt. The mere assertion that Calvillo was wearing a white shirt with brown pants when his trial counsel showed the jury a sketch of a brown and white striped elephant does not allege facts that, if true, would entitle Calvillo to post-conviction relief.

Taken together, Calvillo has not alleged facts that would support his assertion that his trial counsel connected Calvillo's clothing to his guilt. Therefore, Calvillo has not alleged facts that, if true, would support post-conviction relief for ineffective assistance of trial counsel for this claim.

10

**2.     Calvillo Did Not Allege Facts That Would Entitle Him to Post-Conviction Relief for His Claim of Ineffective Assistance of Trial Counsel for Failure to Call Witnesses**

Calvillo alleges the district court erred in dismissing his petition for post-conviction relief because he asserted facts that support a claim for relief of ineffective assistance of trial counsel for failure to call witnesses at trial.[6]  Trial counsel's choice of witnesses is considered a tactical or strategic decision.  *Grove v. State*, 161 Idaho 840, 851, 392 P.3d 18, 29 (Ct. App. 2017).  For a claim of ineffective assistance of counsel for failure to call a certain witness, prejudice must be established through admissible evidence; it is not enough to allege that a witness would have testified to certain events or would have rebutted certain statements made at trial without providing nonhearsay evidence of the substance of the witness's testimony.  *Thomas v. State*, 145 Idaho 765, 770, 185 P.3d 921, 926 (Ct. App. 2008).

Here, Calvillo provided no support for his allegation that trial counsel failed to call witnesses that were important to his defense.  For example, Calvillo did not provide an affidavit or other evidence from a single individual identifying the substance of what he or she would have testified to if Calvillo's trial counsel would have called him or her as a witness during trial.  Without admissible evidence identifying which individuals should have been witnesses or what the individuals would have said, Calvillo's claim is bare and conclusory, and it fails to demonstrate that trial counsel's failure to call certain witnesses was prejudicial.  Accordingly, Calvillo has not asserted facts that, if true, would entitle him to post-conviction relief for ineffective assistance of trial counsel for this claim.

**3.     Calvillo Did Not Allege Facts That Would Entitle Him to Post-Conviction Relief for His Claim of Ineffective Assistance of Trial Counsel for Failure to Object to the CARES Video**

Calvillo alleges the district court erred in dismissing his petition for post-conviction relief because he asserted facts that support a claim for relief of ineffective assistance of trial counsel for failing to object to the CARES video as prejudicial, failing to object to the lack of translation or transcription of the video into Spanish, and failing to object to the State fast forwarding and

---

[6]     In his appellate brief, Calvillo alleges his trial counsel rendered ineffective assistance by failing to conduct a reasonable pretrial investigation by interviewing witnesses Calvillo identified. Because Calvillo did not assert this claim in his petition or allege facts supporting this claim in his accompanying affidavit, we will not consider this claim.

rewinding portions of the video during trial. Like the decision of what witnesses to call, trial counsel's lack of an objection is considered a tactical or strategic decision, *Grove*, 161 Idaho at 851, 392 P.3d at 29, and effective legal representation does not require that counsel object to admissible evidence. *State v. Aspeytia*, 130 Idaho 12, 15, 936 P.2d 210, 213 (Ct. App. 1997).

In his supporting affidavit, Calvillo attested that his trial counsel met with him before trial to show him a CARES video. Because of technical issues, Calvillo could not hear the video's audio. Knowing that there were several CARES videos, Calvillo asked his trial counsel to view the other ones as well, and his counsel responded that the State was not seeking to present the other videos. Subsequently, Calvillo attested that, during trial, the "State played one of the CARES videos. [Trial counsel] didn't object that the video was played. I had understood that video was not to be played, but he didn't make any objections." Calvillo continued, trial counsel "did not object that the video wasn't interpreted. He didn't object that the video wasn't transcribed. Also, he didn't object that the video was fast forwarded and rewound." These statements make up the substantive entirety of Calvillo's claims related to the CARES video.

Calvillo did not identify, in either his petition or affidavit, which CARES video the State introduced at trial, what the video depicted, why the video was objectionable, or how it prejudiced his case. Without such information, Calvillo did not provide evidence as to how his trial counsel's representation fell below an objective standard of reasonableness by not objecting for any of the reasons Calvillo asserted in his petition or supporting affidavit. Further, Calvillo did not assert how trial counsel's performance prejudiced the outcome of his trial. Accordingly, Calvillo has not set forth facts, which if true, would entitle him to post-conviction relief for this claim.

4. **Calvillo Did Not Allege Facts that Would Entitle Him to Post-Conviction Relief for His Claim of Ineffective Assistance of Trial Counsel for Unprofessional Conduct and Dress**

Calvillo alleges the district court erred in dismissing his petition for post-conviction relief because he asserted facts that support a claim for relief for ineffective assistance of trial counsel because his counsel was "unprofessional in his conduct and dress." Calvillo did not link his opinion regarding trial counsel's clothing or appearance to an argument of deficient performance or prejudice to his case. Thus, this claim is bare and conclusory and Calvillo did not assert facts that, if true, would entitle him to post-conviction relief for this claim.

12

**IV.**

**CONCLUSION**

Calvillo did not preserve his claims that the district court erred by not granting him leave to amend his petition and that his trial counsel pressured him into foregoing his right to testify. Additionally, Calvillo has not asserted facts, if true, that would entitle him to relief for his claims of ineffective assistance of trial counsel. Accordingly, the district court did not err and the judgment summarily dismissing Calvillo's petition for post-conviction relief is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.